ALAN M. KINDRED, ESQ. (SBN 135145)
akindred@leechtishman.com
IVAN POSEY, ESQ. (SBN 196386)
iposey@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL, LLP**
The Walnut Plaza
215 N. Marengo Avenue, Suite 135
Pasadena, California 91101
Telephone: (626) 817-7500
Facsimile: (213) 559-8822

ANDREW KOCHANOWSKI (*pro hac vice to be filed*)
akochanowski@sommerspc.com
**SOMMERS SCHWARTZ, PC**
One Towne Square, Suite 1700
Southfield, MI  48076
Telephone: (248) 355-0300
Facsimile: (248) 936-2140

MATTHEW J.M. PREBEG (*pro hac vice to be filed*)
mprebeg@pfalawfirm.com
MATTHEW S. COMPTON (*pro hac vice to be filed*)
mcompton@pfalawfirm.com
**PREBEG, FAUCETT & ABBOTT PLLC**
8441 Gulf Freeway, Suite 307
Houston, TX 77017
Telephone: (832) 742-9260
Facsimile: (832) 742-9261

*Attorneys for Plaintiff,*
NETJUMPER SOFTWARE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETJUMPER SOFTWARE, LLC, a Michigan limited liability company, | CASE NO.: 14CV-05932 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| DEVIANTART, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff NetJumper Software, L.L.C. ("NetJumper"), by and through its attorneys, brings this action against Defendant deviantART, Inc. ("deviantART"), and for its claims of relief avers as follows:

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271, 281, 283, 284 and 285. This Court has jurisdiction over the claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this judicial District under 28 U.S.C. § 1391 and/or 1400(b) as this action relates to patents, and Defendant, on information and belief, has committed acts of infringement here, and further resides in this judicial District.

3. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in this District. Further, Defendant offers Internet photo-sharing services and other related services to persons in California. These services include photo sharing, video sharing, artwork sharing, slideshows, and the opportunity to buy and sell art, all of which are accessible by any person in California with Internet access. On information and belief, persons in California and in this judicial District access and use Defendant's services, including the Accused Products identified below in this Complaint.

## THE PARTIES

4. Plaintiff NetJumper is a Michigan limited liability company with offices in Bloomfield Hills, Michigan.

5. Defendant deviantART is a Delaware corporation with its principal place of business at 7095 Hollywood Boulevard, Suite 788, Hollywood, California 90028.

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

**COMPLAINT AND DEMAND FOR JURY TRIAL**

6. Throughout this pleading, and unless specifically noted otherwise, Defendant deviantART will be referenced as "Defendant." The term "Defendant" also includes deviantART's employees, agents, and all other persons or entities that deviantART directs and/or controls.

## THE PATENT

7. On May 1, 2001, United States Patent No. 6,226,655, entitled "Method and Apparatus for Retrieving Data from a Network Using Linked Location Identifiers," was duly and legally issued ("the '655 patent"). A true and correct copy of the '655 patent is attached as **Exhibit 1**.

8. Pursuant to 35 U.S.C. § 282, the '655 patent is presumed valid.

9. NetJumper is the sole owner of all substantial rights in the '655 patent, including the exclusive right to grant sublicenses to the '655 patent and to file lawsuits and seek damages for past, present, and future infringement of the '655 patent.

10. NetJumper has complied with the marking provisions of 35 U.S.C. § 287 and is entitled to past damages.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,226,655
**(Direct Infringement)**

11. By making, using, selling, or offering to sell within the United States, the slideshow services or features containing a user selectable delay made available throughout its content-sharing website, www.deviantART.com, and other related or linked websites, including but not limited to deviantART.net ("Accused Products"), Defendant has directly infringed and continues to directly infringe at least Claim 1 of the '655 patent, either literally or by equivalents, and will continue to do so unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,226,655
### (Vicarious Liability)

12. At least by virtue of agreements with website users and/or transmitting the Accused Products to website users in the United States, Defendant is vicariously liable for the acts of the computers of users (in the United States) of Defendant's website that automatically receive and/or automatically execute the Accused Products.

13. Defendant has entered, and continues to enter, into agreements with its website users that forbid its website users from interfering with or disrupting the operation of the Accused Products.

14. Defendant has entered, and continues to enter, into agreements with its users that forbid its users from altering or modifying the Accused Products.

15. Defendant has entered, and continues to enter, into agreements with its users that Defendant is the owner of all copyrights and "data rights" in the Accused Products.

16. These agreements are contained in the "Terms of Service" available at least on the Defendant's website at http://about.deviantART.com/policy/service/ and attached as **Exhibit 2**.

17. The Accused Products contain software code that causes said computers that receive the Accused Products to automatically execute the Accused Products without further intervention from the website user.

18. The execution of the Accused Products directly infringes at least Claim 1 of the '655 patent, either literally or by equivalents.

19. Accordingly, at least by virtue of agreements with website users and/or transmitting the Accused Products for automatic execution, Defendant is vicariously liable for direct infringement because Defendant directs and/or controls the transmitting and subsequent execution of the Accused Products by

said website users' computers and thus causes said computers to directly infringe at least Claim 1 of the '655 patent, either literally or by equivalents, and will continue to do so unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,226,655
### (Inducement of Infringement)

20. Defendant had actual knowledge of the '655 patent by virtue of a notice letter, attached as **Exhibit 3**, sent by Plaintiff and received by Defendant prior to the filing of this litigation.

21. At least as early as the serving of the Complaint in this lawsuit, Defendant had actual knowledge of the '655 patent as a matter of law.

22. At least as early as the serving of the Complaint in this lawsuit, Defendant was willfully blind toward the existence of the '655 patent.

23. Since becoming aware of the '655 patent, Defendant has continued to intentionally, actively, knowingly, and willfully advertise about, promote and/or describe the Accused Products through its website, as well as in other ways.

24. Since becoming aware of the '655 patent, Defendant's advertising, promotion and descriptions of the Accused Products have intentionally, actively, knowingly and willfully contained, and continue to contain, instructions, directions, suggestions and/or invitations that intentionally, actively and knowingly invite, entice, lead on, influence, prevail on, move by persuasion, cause and/or influence the public and/or Defendant's customers and/or website users to use the Accused Products to practice the inventions claimed in the '655 patent, and thus directly infringe at least Claim 1 of the '655 patent, either literally or by equivalents. These instructions, directions, suggestions and/or invitations include, but are not limited to, the invitation to "Set up a profile, create

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

1  galleries, and build a fan base" and "Present your artwork dynamically with the
2  Sitback slideshow player" presented on Defendant's "Take the Tour" pages at
3  deviantART.com, invitations and instructions to use the slideshow player in Help
4  & FAQ pages, as well as Defendant's placing of slideshow buttons, links, and/or
5  icons throughout the deviantART.com website.

6      25.    Since becoming aware of the '655 patent, Defendant has been
7  willfully blind, has known, or should have known that the public's and
8  Defendant's customers' acts relative to using the Accused Products to practice the
9  inventions claimed in the '655 patent, directly infringe, either literally or by
10 equivalents, at least Claim 1 of the '655 patent.

11     26.    For at least these reasons, Defendant is liable for inducing
12 infringement of the '655 patent, either literally or under the doctrine of
13 equivalents.

14

## FOURTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,226,655
### (Contributory Infringement)

18     27.    At least for the reasons stated above, Defendant has had actual
19 knowledge of the '655 patent or, at a minimum, has been willfully blind toward
20 the existence of the '655 patent.

21     28.    Since becoming aware of the '655 patent, Defendant has
22 intentionally, actively, and knowingly offered slideshow software, such as the
23 Accused Products, to its website users in the United States through its website
24 deviantART.com.

25     29.    By offering the slideshow software and/or the components thereof to
26 users in the United States, Defendant has contributed to infringement by the
27 public and the customers who use the software to practice at least Claim 1 of the
28 '655 patent, and thus directly infringe the '655 patent, either literally or under the

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

1 doctrine of equivalents.

2     30.    The slideshow software is a material used in practicing the patented process of at least Claim 1 of the '655 patent because the slideshow software, when executed, directly infringes at least Claim 1, either literally or under the doctrine of equivalents.

    31.    The slideshow software is a material part of the invention of at least Claim 1 of the '655 patent because it contains the necessary instructions to enable a website user to practice the method of at least Claim 1, either literally or under the doctrine of equivalents, in relation to the Defendant's website.

    32.    The slideshow software is a material part of the invention of at least Claim 1 of the '655 patent because without the instructions contained in the software, the website user's computer is unable to practice the method of at least Claim 1, either literally or under the doctrine of equivalents, in relation to the Defendant's website.

    33.    The slideshow software is a material part of the invention of at least Claim 1 of the '655 patent because the instructions contained in the software instruct a computer to perform a majority of the steps of at least Claim 1, either literally or under the doctrine of equivalents, including at least the "receiving," "parsing," and "automatically sending" steps.

    34.    Since becoming aware of the '655 patent, Defendant has been willfully blind, has known, or should have known that the slideshow software is especially made or especially adapted for use in an infringement of at least Claim 1 of the '655 patent, either literally or under the doctrine of equivalents, for the same reasons stated above in regards to the materialness of slideshow software with respect to at least Claim 1.

    35.    Since becoming aware of the '655 patent, Defendant has been willfully blind, has known, or should have known that the slideshow software is not a staple article or commodity of commerce suitable for substantial

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1 noninfringing use because the software has no substantial use other than to be
2 executed by a computer, which execution by a computer directly infringes at least
3 Claim 1 of the '655 patent, either literally or under the doctrine of equivalents.

4     36.    Since becoming aware of the '655 patent, Defendant has been
5 willfully blind, has known, or should have known that the slideshow software is
6 not a staple article or commodity of commerce suitable for substantial
7 noninfringing use for the same reasons stated above in regards to the materialness
8 of slideshow software with respect to at least Claim 1.

9     37.    For at least these reasons, Defendant is a contributory infringer of at
10 least Claim 1 of the '655 patent, either literally or under the doctrine of
11 equivalents.

## FIFTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,226,655
### (Willful Infringement)

16     38.    For the reasons stated above, Defendant has had actual knowledge of
17 the '655 patent and notice from Plaintiff of its infringement of the '655 patent
18 prior to the filing of this lawsuit.

19     39.    The infringement of the '655 patent by Defendant has occurred with
20 knowledge of the '655 patent and has thus been willful and wanton.

## PRAYER FOR RELIEF

24 WHEREFORE, Plaintiff NetJumper prays for entry of judgment against
25 Defendant deviantART, Inc. as follows:

26     A.    That Defendant has directly infringed, vicariously infringed,
27 contributorily infringed, and has actively induced others to infringe one or more
28 claims of the '655 patent;

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

**COMPLAINT AND DEMAND FOR JURY TRIAL**

8

  B. That Defendant's infringement of the '655 patent was and continues to be willful and wanton;

  C. That Defendant accounts for and pays NetJumper damages adequate to compensate for past infringement of the '655 patent by Defendant, in an amount no less than a reasonable royalty, in a sum to be determined at trial, and that said damages be trebled in view of the willful and wanton nature of the infringement;

  D. That NetJumper be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '655 patent;

  E. That this case is exceptional under 35 U.S.C. § 285 and that NetJumper be granted its attorneys' fees incurred in this action;

  F. That NetJumper be awarded its costs in this action; and

  G. That NetJumper be granted such other and further relief that is just and proper under the circumstances.

Dated: July 29, 2014    Respectfully submitted,

           **LEECH TISHMAN FUSCALDO & LAMPL, LLP**

           /s/ Alan M. Kindred
           Alan M. Kindred
           Ivan Posey

           *Attorneys for Plaintiff,*
           NetJumper Software, LLC

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), F. R. Civ. P., Plaintiff hereby demands trial by jury on all issues so triable, including the Defendant's affirmative defenses and counterclaims, if any.

Dated: July 29, 2014                    Respectfully submitted,

**LEECH TISHMAN FUSCALDO & LAMPL, LLP**

/s/ Alan M. Kindred
Alan M. Kindred
Ivan Posey

*Attorneys for Plaintiff,*
NetJumper Software, LLC